ROSENZWEIG v. UNITED STATES FIDELITY & GUARANTY CO. et al

(Municipal Court of City of New York, Borough of the Bronx, Second District. December 21, 1914.)

1. EXECUTION (§ 448*)—BODY EXECUTION—JAIL LIBERTIES—COUNTY OF BRONX.
   A defendant, given the jail liberties of the county of Bronx, does not violate his bond because he goes to New York City, since Prison Law (Consol. Laws, c. 43) § 358, provides that prison limits theretofore established shall continue until altered, and section 357 makes the jail limits of the county of New York the whole thereof, and Laws 1912, c. 548, creating the county of Bronx out of the county of New York, did not change the jail limits.
   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1275–1286; Dec. Dig. § 448.*]

2. EXECUTION (§ 448*)—BODY EXECUTION—JAIL LIBERTIES—BOND—DISCHARGE BY OPERATION OF LAW.
   Under Code Civ. Proc. § 111, providing that no person shall be imprisoned longer than three months under a body execution for less than $500, a bond to secure jail liberties to a debtor arrested for a debt less than $500 is discharged by operation of law after three months from the arrest.
   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1275–1286; Dec. Dig. § 448.*]

Action by Rifkie Anne Rosenzweig against the United States Fidelity & Guaranty Company and Harry Verschleiser. Judgment for defendants, dismissing the complaint on the merits.

Joseph Lichtenberg, of New York City, for plaintiff.

Julius D. Tobias, of New York City, for defendant United States Fidelity & Guaranty Co.

Benjamin A. Verschleiser of New York City, for defendant Verschleiser.

SHEIL, J. On May 1, 1914, the defendant Verschleiser was arrested by the sheriff of the county of Bronx by virtue of a body execution issued out of this court for the sum of $215.72. Thereafter the defendant Verschleiser was admitted to the jail liberties upon giving the undertaking required by law, and in which the defendant United States Fidelity & Guaranty Company undertook that the defendant Verschleiser "shall remain a prisoner, and shall not at any time or in any manner escape or go without the liberties of the jail of the said county of Bronx until discharged by due course of law."

This action was commenced on May 12, 1914, against the defendant United States Fidelity & Guaranty Company and the defendant Harry Verschleiser by the issuance of a summons out of this court; service thereof not having been made until the 13th day of October, 1914. This action is to recover the sum of $215.72 against the United States Fidelity & Guaranty Company on the said undertaking given by it. The plaintiff claims that the defendant had escaped from the jail limits of the county of Bronx, due to his attendance at the City Court of the City of New York, in New York county, on the 13th day of October, 1914, pursuant to an order in supplementary proceedings issued out of said court, in which the plaintiff in this action was the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment creditor and the defendant Verschleiser was the judgment debtor.

This action was tried before me on the 16th day of November, 1914, and the plaintiff, after proving the fact that the defendant Harry Verschleiser was in the county of New York on the 13th day of October, 1914, rested his case. The defendant United States Fidelity & Guaranty Company then moved to dismiss the complaint, in which the defendant Verschleiser joined, and, decision thereon being reserved, the defendants thereafter offered no defense, and rested their case on said motion.

The defendant United States Fidelity & Guaranty Company contends: (1) That there was no escape, as the jail limits of the present county of Bronx is the same as it existed prior to the creation of the county of Bronx; (2) that, inasmuch as the judgment upon which was predicated the arrest of the defendant Verschleiser was for less than $500, the imprisonment could exist only for three months from the date of his arrest, and that the surety is liable only for any breach of the bond which may have been committed within three months from its date, and that the bond was discharged by operation of law three months from May 1, 1914, and, if there had been any escape on October 13, 1914, there was no liability on the bond.

[1] The first contention of the defendant United States Fidelity & Guaranty Company has as its basis section 358 of the Prison Law, being chapter 47 of the Laws of 1909, and reads as follows:

"The liberties of the jail in each of the other counties of the state, as heretofore established, shall continue to be the liberties thereof, until they are altered, or new liberties are established, as prescribed by law."

Under section 357, the jail liberties of the county of New York are the whole of said county, and under section 359 the jail liberties may be altered by resolution of the board of supervisors or by the board of aldermen. Chapter 548 of the Laws of 1912, creating the county of Bronx, did not change the jail limits of the county of Bronx, and since the creation of the county of Bronx, neither the Legislature nor the board of aldermen have taken any steps with regard to the changing of the jail limits. Therefore the court is of the opinion that the defendant's presence in the county of New York on the 13th day of October, 1914, was not an escape.

[2] As to the other point raised by the defendant, that also is well taken. Section 111 of the Code of Civil Procedure reads as follows:

"No person shall be imprisoned within the prison walls of any jail for a longer period than three months under an execution or any other mandate against the person to enforce the recovery of a sum of money less than five hundred dollars in amount or under a commitment upon a fine for contempt of court in the nonpayment of alimony or counsel fees in a divorce case where the amount so to be paid is less than the sum of five hundred dollars; and where the amount in either of said cases is five hundred dollars or over, such imprisonment shall not continue for a longer period than six months."

The amount of the judgment in the action in which the body execution issued being less than $500, there could in no event be a liability on the bond for a period longer than three months from its date; that is, three months from and after May 1, 1914, to wit, Au-

gust 1, 1914. After August 1, 1914, the bond was discharged by operation of law.

The defendant raised several other questions, but it is unnecessary for the court to pass upon them, as the court is of the opinion that there was no breach of the undertaking, as there was no escape.

There should be judgment for the defendants, dismissing the complaint upon the merits.